Arnold Faulkner vs. Alexander W. Everson and Harry
I. Gillis, Sheriff.

*Case Stated—Bond—When   Collectible—Judgment—Execution—
Endorsement on Bond—Indemnity.*

1.   A judgment bond made payable upon its face on a certain date is
due and collectible at that time; and execution may be then issued, not-
withstanding the obligee has, by endorsement on the bond, acknowledged
that the same was executed and delivered to him to indemnify and save
him harmless from any loss he might sustain by reason of his suretyship
on an administration bond given by the obligor; and notwithstanding also
it does not appear that the obligee had sustained any loss on account of his
said suretyship at the time the judgment was entered and execution
issued.

(*January* 10, 1907.)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*Reuben Satterthwaite, Jr.,* and *Hugh M. Morris* for plaintiff.

*Robert H. Richards* and *David J. Reinhardt* for defendants.

Superior Court, New Castle County, November Term, 1907.

Rule to Show Cause .

The facts and contentions of counsel were as follows:

Arnold Faulkner the plaintiff in the rule to show cause,
sought to have a certain judgment in the Superior Court in and
for New Castle County, being No. 319, November Term, 1895,
recorded in Judgment Docket C, Vol. 3, page 309, declared to be
no longer a lien upon certain lands of Benjamin Rothwell the
defendant in the judgment, and to have quashed certain writs
issued under said judgment.

The affidavit upon which the petition was based alleged,
*inter alia,*
*First:*—That the judgment in question was entered in the

Superior Court by confession on a bond and warrant bearing date the fifth day of August, A. D. 1893, conditioned for the payment of Two Thousand Dollars, and *wholly due and payable* on the first day of October, A. D. 1893.

*Second:*—That said bond and warrant of attorney was not a bond or obligation of indemnity.

*Third:*—That the said judgment was not a lien upon lands of Benjamin Rothwell at the time execution issued thereunder since it had not been renewed or continued within or revived since the term of ten years next following the day of entry or recording of said judgment pursuant to the provisions of a statute of this State found in *Chapter* 778, *Vol.* 19, *Laws of Delaware, Revised Code,* 814.

The contention of the plaintiff in the rule involved two points.

*First:*—The construction of the bond and warrant under which the judgment was obtained.

*Second:*—The construction of the Act found in *Chapter* 778, *Vol.* 19, *Laws of Delaware, Revised Code* 814, and more particularly the construction of *Section* 1 of said Act in regard to judgments not wholly due and payable at the time of entry, and of *Section* 6 of said Act in regard to bonds of indemnity.

The contentions of the defendants in the rule were:

*First:*—That said bond and warrant of Attorney was not *wholly due and payable,* either at the time of its date, viz., August 5th, 1893, nor at the time it purported upon its face to be due, viz., October 1, 1893, nor at the time of its entry of record, viz., November 27, 1895, because there was a memorandum which was endorsed upon the back of the bond before its execution and delivery, bearing the date of the bond, signed by the obligee in the bond and sealed with his seal, which memorandum by the overwhelming weight of authority both at law and in equity must be construed to be a part of the bond. That said memorandum was in the nature of a defeasance restraining the condition of the bond and making it in effect only due and payable upon a contingency expressed in the memorandum.

*Second:*—That said bond and warrant by reason of said memorandum and by the express terms thereof, must be construed to be a bond or obligation of indemnity.

*Third:*—That if said bond and warrant was not wholly due and payable at the date of its entry of record then it is expressly excepted from the provisions of said Act found in *Chapter* 778, *Vol.* 19, *Laws of Delaware, Revised Code* 814, by *Section* 1 of said Act, at least until such time as said bond and the judgment thereunder may become *wholly due and payable.* Therefore, the lien of said judgment had not been lost.

*Fourth:*—That if said bond together with the memorandum endorsed thereon, be construed by the Court to be a bond of indemnity, then it was expressly excepted from the provisions of said Act in *Revised Code*, 814 by *Section* 6 of said Act, therefore the lien of said judgment had not been lost.

The bond upon its face was in the penal sum of four thousand dollars conditioned for the payment of two thousand dollars upon the first day of October, A. D. 1893. It bore date the fifth day of August, 1893. It was executed and delivered by Benjamin Rothwell to Alexander W. Everson.

The endorsement upon the back of the bond bore the same date as the bond, and was signed by Alexander W. Everson and was under his seal.

The endorsement was as follows:

"Whereas I, Alexander W. Everson, the obligee within named have executed a bond in the office of the Register of the Probate of Wills and granting Letters of Administration in and for the County of New Castle in the sum of two thousand dollars to secure the faithful performance by Benjamin Rothwell the obligor within named of the duties devolving upon him as administrator of the goods and chattels rights and credits which were of Mary R. Lynam deceased under letters of administration granted to him by said Register on the twelfth day of March, 1889, as by the record of said office appears. Now therefore, I do hereby acknowledge and declare that the within bond was executed and

delivered to me to indemnify and save harmless me,  my heirs, ex-
ecutors, administrators and assigns from any and all loss, damage,
costs or expenses which I or they may or shall sustain or incur by
reason or on account of said bond or any execution process that
may be issued thereon.   Witness my hand and seal this fifth
day of August, Anno Domini 1893."

"Witness present

"Jos. W. H. Watson                    (Sgd.) A. W. Everson (SEAL)."


Facts:—Benjamin Rothwell was granted letters of adminis-
tration in the office of the Register of Wills for New Castle County
upon the Estate of Mary R. Lynam, deceased, and upon the
twelfth day of March, A. D. 1889, executed an administration
bond in the sum of two thousand dollars, which bond was ex-
ecuted by Alexander W. Everson as surety.   Benjamin Rothwell
on September second, 1891, passed his final account as ad-
ministrator of Mary R. Lynam, deceased, by which he showed a
balance of one thousand six hundred and fifty-four dollars
($1,654.00) in his hands due said estate.   Mary R. Lynam died
intestate, leaving to survive her as her only heirs-at-law a brother,
the said Benjamin Rothwell, her administrator, and seven child-
ren of Abram Rothwell, deceased, who was a brother of the
said Mary R. Lynam.   The said Benjamin Rothwell was, there-
fore, entitled in his own right to eight hundred and twenty-
seven dollars ($827.00), with interest from September second,
1891, being one-half of the sum in his hands as administrator due
the estate.   And the said seven children of Abram Rothwell were
entitled to the sum of eight hundred and twenty-seven dollars
($827.00), with interest from September second, 1891, being the
other one-half of the sum in his hands as administrator due the
estate.   Benjamin Rothwell has never paid any of the money in
his hands as administrator to the children of Abram Rothwell,
deceased.   On the fifth of August, 1893, Benjamin Rothwell
executed a bond and warrant in the sum of two thousand dollars,
in which Alexander W. Everson was the oblige.   The bond was
prepared in the presence of Benjamin Rothwell and Alexander

W. Everson by Joseph W. H. Watson, of Newport, Delaware. The writing on the face and the back of the bond is his handwriting. The entire bond, including the endorsement upon its back, was read by Mr. Watson in the presence of Rothwell and Everson and the effect was fully explained to both of them by him. Benjamin Rothwell then signed the bond and immediately Alexander W. Everson signed the memorandum upon the back of the bond, to both of which signatures Mr. Watson was a witness. The bond was then delivered to Mr. Everson and was entered of record in the Superior Court on the twenty-ninth day of November, A. D. 1895. The Prothonotary endorsed upon the record of the judgment the words "sub. con." and the bond was filed by him in his office, and has remained there until this time.

On the eighth day of January, A. D. 1906, seven judgments were recovered in the Superior Court against Benjamin Rothwell and Alexander W. Everson upon the administration bond in the estate of Mary R. Lynam, deceased. The aggregate amount of these judgments was eight hundred and twenty- seven dollars ($827.00), with interest from September second, 1891, the date of the passing of the final account in the said estate. On the twentieth of March, A. D. 1906, Alexander W. Everson paid the sum of one thousand six hundred and ninety-seven dollars and sixty-seven cents ($1697.67) in satisfaction and discharge of the said seven judgments. Until the twentieth day of March, A. D. 1906, Mr. Everson had not been damnified in any way under the administration bond in the Lynam estate.

Execution issued upon the judgment of *Everson vs. Rothwell* in August, 1906, and the amount of Everson's loss and damage was endorsed upon the writ. Lands of Benjamin Rothwell were levied upon under this writ and were afterwards advertised for sale under a writ of *venditioni exponas*. The sale was stayed, pending the determination of the questions raised by the rule to show cause.

ARGUMENT.

## Plaintiff's Brief.

The bond in question is not a bond of indemnity.

*Martin vs. Courte*, 2 *Term Reporter*, 640; *Touissant vs. Martinnant*, 2 *Term Reporter* 100.

Indemnify:—To secure or save harmless against loss or damage, of a specified character, which may happen in the future.

*Rawless Law. Dict; Bouvier Law. Dict.*

Execution might have issued immediately on entry of the bond.

*Non Damnificatus* cannot be pleaded to debt on bond, conditioned for the payment of a sum of money at a certain day, though it appear by the condition that the bond was given by way of indemnity.

*Holmes et al vs. Rhodes*, 1 *B. P.* 638; see also *Locke vs. Homer*, 131 *Mass.* 93, which is supported by the following cases:

*Hogan's Executor vs. Calvert's Administrator*, 21 *Ala.* 194 *at* 199; *Redfield vs. Haight*, 27 *Conn.* 31 *at* 36; *Lathrop vs. Atwood*, 21 *Conn.* 117; *Gage vs. Lewis*, 68 *Ill.* 604 *at* 617-18; *Malott vs. Goff*, 96 *Ind.* 496; *Devel vs. McIntosh*, 23 *Ind.* 529; *Stout vs. Folger*, 34 *Iowa* 71; *Shattuck vs. Adams*, 136 *Mass.* 34; *Farnsworth vs. Bordman*, 131 *Mass.* 115; *Hall vs. Nash*, 10 *Mass.* 302; *Dye vs. Mann*, 10 *Mass.* 291; *Han vs. Hill*, 29 *Mo.* 275; *Kohler vs. Matlage*, 72 *N. Y.* 259; *Churchill vs. Hunt*, 3 *Denio* 321; *Gilbert vs. Wiman*, 1 *Comstock* 550; *Thomas vs. Allen*, 1 *Hill*, 145; *Wilson vs. Stilwell*, 9 *Ohio State* 467; *Henderson & Co. vs. Shillite & Co.* 60 *N. E.* 295 *at* 298-9; *Hubbard vs. Billings*, 35 *Vt.* 599 *at* 601; *Crofoot vs. Moore*, 4 *Vt.* 204; *Mills vs. Dow*, 133 *U. S.* 424 *at* 432; *Johnson vs. Risk*, 137 *U. S.* 300 *at* 308.

The bond in question is not an obligation with conditions other than the payment of money.

*Clanin vs. Esterly Harvesting Machine Company*, 3 *L. R. A.* 863; 1 *Parsons, Notes and Bills* 44; *Haussoullier vs. Hartsinck*, 7 *Term Reporter at* 733; *Wells vs. Bringham*, 6 *Cushing*, 6; *Martin vs. Courte*, 2 *Term Reporter*, 640.

### Defendants' Brief.

Construction of the bond and warrant of Benjamin Rothwell to Alexander W. Everson, and the effect of the memorandum endorsed upon the back of said bond.

Memoranda or endorsements made upon a bond at the time of its execution may become a part thereof where it is evidently so intended by the parties.

9 *Law Library, Star page* 37; *Broke vs. Smith, Moore* 679; *Steadman vs. Purchase & Coxe,* 6 *Term. Rep.* 737; *Burg, Assignee of Wheeler vs. Preston,* 8 *Term Rep.* 483; *Hatton vs. Young,* 2 *W. Blackstone* 943; *Hurst vs. Jennings,* 5 *Barn. & Creswell* 650, *at* 659; *Norton vs. Wood,* 1 *Russ & M.* 178; *Major vs. Major,* 1 *Drewry* 164; *Osborne vs. Fulton,* 1 *Blackford (Ind.)* 233; *Harwood vs. Hildredth,* 4 *Zabriskie (N. J.)* 51; *Allen vs. Coxe,* 2 *Halsted (N. J.)* 89; *Nichols vs. Douglass,* 8 *Mo.* 49; *William vs. Handley,* 3 *Bibb (Ky.)* 10; *Hughes vs. Saunders,* 3 *Bibb (Ky.)* 360; *Cresswell vs. Dean,* 1 *Hill (S. C.)* 227; *Shermer vs. Beale,* 1 *Wash. (Va.)* 11; *Gordon vs. Frazier & Crosbie,* 2 *Wash. (Va.)* 130; *Harnsberger vs. Geiger,* 3 *Gratt (Va.)* 138.

From the above authorities it is respectfully submitted that the memorandum upon the bond and warrant in this case must be read into and construed with the condition of the bond and it actually forms part of the said condition. It might be added in the language of Judge Potts, in *Harwood vs. Hildredth,* 4 *Zabriskie,* 51, above cited, that the bond and memorandum are parts of the same transaction; they are both under seal and of equal solemnity; they appear both to have been executed at the same time; they relate to the same subject matter; the manifest intention of the parties must have been that the memorandum was intended to show that the bond was not due and payable on the first day of October, A. D. 1893, as set forth in the condition on the face of the bond.

This memorandum is in the nature of a defeasance, *Sheppard's Precedents at Page* 533, defines a bond with a defeasance as follows:

"And this condition (of the bond) is sometimes called a defeasance, and particularly so, when is (a its sometimes it is) contained in another separate deed or instrument; but most commonly it is inserted in the same deed wherein the obligation is contained. And then also it is either written *under* the obligation or included in the body of it, or *endorsed upon the back of it.*"

It clearly appears from said memorandum on the back of the bond that at the time of the execution of the bond nothing was due from Rothwell, the obligor, to Everson, the obligee. It further appears from the memorandum that unless Everson should at some time be damnified upon the administration bond, there would never be any money due him upon this judgment.

Everson could not recover upon this judgment until he was damnified, and then he could only recover the amount of his loss actually sustained, which amount he would have to endorse upon the writ when execution issued. This proposition is amply supported by the following authorities in this State:

*Sutton vs. Mulford,* 2 *Harr.* 72; *Staats vs. Herbert,* 4 *Del. Ch.* 516.

If execution had issued upon this judgment before Everson was damnified, there were two methods of procedure by which the defendant Rothwell might have shown that nothing was due and payable upon this judgment at the time the execution issued.

*First:*—He might have come into Superior Court in term time and have obtained a rule to show cause why said execution should not be stayed and why he should not be let into trial before a jury at the bar of the Court to ascertain whether any, and if so what amount, was then due upon the judgment.

*Sutton vs. Mulford,* 2 *Harr.* 72; *Townsend vs. Townsend,* 5 *Harr.* 20; *Welch vs. Coulbourn,* 3 *Houst.* 647; *Staats vs. Herbert,* 4 *Del. Ch.* 516.

*Second:*—The defendant Rothwell might have filed his bill in equity asking for an order restraining the proceedings at law, and the Chancellor would have granted the order and might have directed an issue of *quantum damnificatus* to ascertain what damage, if any, the plaintiff in the judgment had thus sustained.

*Staats vs. Herbert, 4 Del. Ch.* 516.

It is confidently maintained that the plaintiff Everson could in no manner say that *any* sum of money was due and payable on his judgment until after March 20, 1906, the date upon which he first suffered loss under the administration bond.

If it be true that nothing was due and payable upon this judgment at the time of its entry of record, then it is excepted from the provision of the Act found in *Chap.* 778, *Vol.* 19, *Laws of Delaware, Rev. Code,* 814.

*Section One* of said Act is as follows:—

"No judgment for the recovery of money hereafter entered or recorded in the Superior Court of this State in any County, whether rendered by said Court or transferred from the Court of Errors and Appeals  *  *  *  shall continue a lien upon real estate for a longer term than ten years next following the day of entry or recording of said judgment;

Or in case the *whole* or *any part* of the money for which such judgment shall be recovered or rendered *shall not be due and payable at or before the time of its entry or recording* the day on which such money shall have become *wholly due and payable,* unless within the said term of ten years, the lien of such judgment shall be renewed and continued by a written agreement," etc.

There is a statute of the State of New Jersey which contains language very similar to the language of *Section* 1 of the Act above set out.

This New Jersey statute is exhaustively construed in the following two cases:

*Sayers vs. Hewes,* 32 *N. J. Eq.,* 652; *Ely vs. Clapp,* 27 *N. J. L.* 555 *at* 577.

The statute provided that no judgment should be entered by confession upon a warrant of attorney unless the plaintiff should file an affidavit setting forth the true cause of action and that the debt is *bona fide* and justly *due and owing* at the time of the entry of the judgment.

The two New Jersey cases, above cited, both hold that a judgment confessed to secure future advances is not a judgment which is *due and owing* at the time of confession and that a judgment of indemnity is not a judgment which is *due and owing* at the time of the confession of said judgment.

The bond by the express terms of the memorandum upon its back is a bond or obligation of indemnity, clearly so intended by the parties to it to be such and solemnly so declared by the obligee under his hand and seal to be such.

*Section* 6 of the ten year lien Act, *Rev. Code at page* 816, excepts such judgment from the operation of the statute.

*Section* 6 of said Act is as follows:

"The provisions of the foregoing sections of this Act shall not operate to defeat the due enforcement of any writ of execution under any judgment for the recovery of money * * * *nor shall they apply to any judgment heretofore or hereafter entered by virtue of a warrant of Attorney, or otherwise, by confession in said Court in any County upon any bond or obligation of indemnity,* or for the faithful discharge of duty, or with conditions other than for the payment of money, or to any judgment upon a mortgage or recognizance," etc.

*Per Curiam:*—Let the rule be discharged.